**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4021
_____

YOHAN CHOI,

Appellant

v.

ABF FREIGHT SYSTEM, INC.


_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-14-cv-07458)
District Judge: Hon. Anne Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2016
_____

Before: McKEE, *Chief Judge*,* RENDELL and HARDIMAN, *Circuit Judges*.

(Opinion filed: December 13, 2016)


_____

OPINION†
_____

_____

* Judge McKee concluded his term as Chief of the U.S. Court of Appeals for the Third
Circuit on September 30, 2016.
† This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

MCKEE, *Circuit Judge*.

Plaintiff Yohan Choi appeals the District Court of New Jersey's denial of Choi's Motion for Reconsideration and the District Court's partial grant of Defendant ABF Freight System, Inc.'s ("ABF") Motion for Summary Judgment.

Choi filed a one-count complaint in the District Court against ABF asserting breach of contract under the Carmack Amendment to the Interstate Commerce Act.[1] He sought damages in the amount of $61,088.29 after a fire destroyed the ABF "ReloCube" containing Choi's property while in transit.

The parties agree that the Carmack Amendment applies to this case, but they dispute whether ABF's liability was limited. The District Court limited ABF's liability to $7,500, per the bill of lading's language.

For the reasons that follow, we affirm.[2]

## I.

Because we write for parties familiar with this case's factual and procedural history, we provide only the background necessary to our conclusions.

The general rule under the Carmack Amendment "is that an interstate carrier is strictly liable for damages up to 'the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) [certain intermediary carriers].'"[3]

---

[1] 49 U.S.C. § 14706.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

[3] *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 335 (3d Cir. 2014) (quoting 49 U.S.C. § 14706(a)(1)) (alteration in original).

The carrier's liability may be limited, however, if it satisfies the following four requirements:

> (1) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission; (2) obtain the shipper's agreement as to [the shipper's] choice of liability; (3) give the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) issue a receipt or bill of lading prior to moving the shipment.[4]

The parties primarily dispute the third requirement: whether Choi was afforded a reasonable opportunity to choose between two or more levels of liability.[5] ABF offered coverage for negligence and coverage for catastrophic events. The bill of lading expressly included a $7,500 maximum liability per ReloCube in the event of "trailer fire, vehicle collision, vehicle overturn or complete container theft."[6] Choi never sought additional coverage for catastrophic damage.

As he did in the District Court, Choi argues that the additional negligence coverage offered was insufficient to satisfy the Carmack Amendment's two-or-more-levels requirement and that ABF was required to provide two or more levels of liability coverage with respect to catastrophic damage.

II.

---

[4] *Emerson Elec. Supply Co. v. Estes Express Lines Corp.*, 451 F.3d 179, 186 (3d Cir. 2006) (alteration in original).

[5] Choi makes additional arguments as to liability and the amount of damages. Our conclusion, *infra*, that ABF's acceptance of liability and the stated limitation are proper under the Carmack Amendment renders those arguments irrelevant. We therefore do not address them.

[6] App. 43a.

3

This Court has not addressed the specific issue of whether the Carmack Amendment requires two or more liability options per subset of damage. We have, however, broadly stated the Amendment's two-or-more-levels requirement. In *Emerson Elec. Supply Co. v. Estes Express Lines Corp.*, we held that "[t]o satisfy the two or more levels of liability requirement, a carrier must offer two or more shipping rates with corresponding levels of liability for one type of shipment."[7]

The District Court concluded that ABF was not required to provide two levels of coverage per subset of liability (*i.e.*, two levels of coverage for catastrophic events and two levels of coverage for negligence).[8] The Carmack Amendment does not mention such a requirement, and other appellate courts have not required multiple levels of coverage for subsets of liability for compliance with the Amendment. Indeed, Choi concedes that no court has ever addressed whether a common carrier must offer two or more liability options per subset of damage. While both parties analogize and distinguish a variety of federal cases, they cite to no case that establishes such a requirement. We reject Choi's argument that this lack of precedent is "meaningless." We therefore agree with the District Court and decline to impose a rule requiring interstate carriers to provide two or more levels of coverage per subset of liability.

The particular facts of this case further support our holding. For example, the bill of lading expressly included a $7,500 maximum liability per ReloCube (at no additional

---

[7] 451 F.3d at 188.

[8] *Cf. Kemper Ins. Cos. v. Fed. Express Corp.*, 252 F.3d 509, 513 (1st Cir. 2001) ("[Plaintiff] has not cited, nor have we discovered, any case in which a court invalidated a contract providing two discrete levels of coverage.") (internal footnote omitted).

charge) for catastrophic damage in the event of "trailer fire, vehicle collision, vehicle overturn, or complete container theft." Shippers like Choi also had the option to purchase additional carrier negligence liability coverage. Despite Choi's prior experience with ABF and the bill of lading, Choi never sought additional coverage.[9]

In light of such facts and our precedent, we find more than reasonable the District Court's summary judgment rulings.

III.

For the reasons set forth above, we will affirm District Court's judgment in its entirety.

---

[9] Choi also filed an initial claim to ABF of $7,500 in this case in accordance with the bill of lading's language limiting liability.